UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

CHARLES RAY GIBSON, JR.,

            Petitioner,

v.

No. 5:24-CV-00104-H

DIRECTOR, TDCJ-CID,

            Respondent.

## OPINION AND ORDER DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Charles Ray Gibson, Jr., a self-represented inmate in the Terry County Jail acting *in forma pauperis*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has not filed an answer, but after reviewing Petitioner's pleadings, the Court concludes that he fails to show that he is eligible for federal habeas relief. The petition is denied and dismissed with prejudice for failure to state a claim. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### 1. Background and Petitioner's claims

Petitioner asserts that he is presently serving a 20-year sentence from 2008 out of Terry County in cause nos. 5471 and 5472. Dkt. No. 5. But he does not challenge his 2008 conviction or sentence in this habeas petition. Instead, Petitioner challenges the calculation of two long-discharged sentences from 1994 and 1997. Specifically, he contends that he received a four-year sentence in 1994, followed by a consecutive two-year sentence in 1997. He acknowledges that he discharged these sentences on August 2, 2000. But he complains that paperwork he received in 2016 shows a discrepancy in how these sentences were

calculated around multiple periods of release to parole and mandatory supervision, and that he should have discharged his sentence on February 3, 1999. He also contends that during the same period, he was placed on a "Maser Machine or Brain Device" by the Inspector General, which officers have used to harass him for 25 years. Finally, he complains that he recently sought similar relief from the state court, but he did not receive a timely response.

He seeks relief from the breach of his plea agreement from his two-year sentence from 1997, and from the "Maser Unit" sending signals to his brain.

## 2.   Legal Standards

The federal habeas statute grants jurisdiction only over petitions filed by those who are in custody. 28 U.S.C. § 2241(c); *see Maleng v. Cook*, 490 U.S. 488, 490 (1989). Under Section 2254, the first showing that Petitioner must make is that he is in custody pursuant to the challenged state judgment.

"Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. A petitioner "generally has ample opportunity to obtain constitutional review of a state conviction, . . . [b]ut once the door to such review has been closed, . . . because he failed to pursue otherwise available remedies or because he failed to prove a constitutional violation, the conviction becomes final." *See Daniels v. United States,* 532 U.S. 374, 383 (2001). "These vehicles for review are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and

2

exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Id.* at 381.

Additionally, a case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation. *See Lewis v. Sec'y of Pub. Safety & Corrs.*, 508 F. App'x 341, 343–44 (5th Cir. 2014) (citing *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993)). A case is duplicative if it involves the same series of events and allegations of many of the same facts as an earlier suit. *Lewis*, 58 F. App'x at 344 (citing *Bailey v. Johnson*, 846 F.2d 1091, 1021 (5th Cir. 1988). The critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. *See Argilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).

## 3.    Discussion

Petitioner acknowledges that the sentence or sentences he challenges in this petition were fully discharged more than twenty years ago. Thus, Petitioner cannot satisfy the custody requirement of Section 2254, and his claims must be dismissed. And even if he could satisfy the custody requirement, his petition—filed more than twenty-five years after his conviction became final—would be barred by the applicable one-year statute of limitations. *See* 28 U.S.C. 2244(d)(1).

Additionally, the Court notes that Petitioner has raised these claims several times before, to the same end. *See Gibson v. Stephens*, No. 2:13-CV-00140 (N.D. Tex. Nov. 1, 2013) (dismissing Petitioner's habeas challenge because his 1997 sentence was fully discharged, he was not in custody, and his claims were time-barred); *see also Gibson v. Collier*,

3

No. 2:12-CV-00099 (N.D. Tex. Apr. 24, 2012) (finding Petitioner's allegations of a monitoring device implanted in his body to be plainly delusional); *Gibson v. Tex. Dep't of Crim. Justice*, No. 5:17-CV-00028 (N.D. Tex. Feb. 17, 2017) (discussing Petitioner's history of repeating these claims in both habeas and civil-rights suits, all of which were dismissed as frivolous, for failure to state a claim, or as untimely). Thus, Petitioner's claims here are duplicative and subject to dismissal as malicious.

Finally, to the extent Petitioner raises new complaints about the state habeas court's processing of his most recent claims, the Fifth Circuit has consistently held that defects in state habeas or other collateral proceedings are not cognizable on federal habeas review. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (collecting cases). Petitioner's claims about the state writ process are foreclosed by long-established circuit precedent. *Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001) (explaining that "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself").

**4. Conclusion**

For the reasons discussed above, Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 must be dismissed as malicious and for failure to state a claim.

Also, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong" or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and

4

"debatable whether [this Court] was correct in its procedural ruling." Thus, any request for a certificate of appealability should be denied. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**5.     Warning**

Petitioner has persisted in filing the same repetitive, frivolous claims under both habeas and civil-rights theories in different courts over the past fifteen years. *See, e.*g., *Gibson v. Tex. Dep't of Crim. Justice*, No. 5:17-CV-00028 (N.D. Tex. Feb. 17, 2017) (listing cases). The Court warns Petitioner that filings by prisoners consume inordinate amounts of scarce judicial resources and may delay the courts' hearing of valid complaints. *See Holloway v. Hornsby,* 23 F.3d 944, 946 (5th Cir. 1994). Petitioner is admonished that if he continues to file frivolous petitions, complaints, motions, or other documents, then the Court will impose sanctions against him. The Court may assess a monetary fee, dismiss a complaint with prejudice, bar Petitioner from filing pleadings without first obtaining the Court's permission, or any combination of these sanctions.

All relief not expressly granted, and any remaining pending motions are denied.

So ordered.

Dated July 29, 2024.

JAMES WESLEY HENDRIX
United States District Judge

5